## Richmond

### RUTH L. HARVEY v. COMMONWEALTH OF VIRGINIA.

December 6, 1968.

Record No. 6782.

Present, All the Justices.

*S. W. Tucker (J. L. Williams; Jack Greenberg (N.Y.); James M. Nabritt, III, (N.Y.); Hill, Tucker & Marsh, on brief), for plaintiff in error.*

*Richard N. Harris, Assistant Attorney General (Robert Y. Button, Attorney General, on brief), for defendant in error.*

CARRICO, J., delivered the opinion of the court.

In this appeal, Ruth L. Harvey attacks a final judgment summarily holding her in contempt of court and imposing upon her a fine of $25.00.

Miss Harvey is an attorney practicing in Danville, and her conviction for contempt grew out of her participation in the trial court in the case of *Commonwealth* v. *Leonard Winston Holt*. Holt, himself an attorney, was one of 371 persons charged in 1963 with violating the terms of a temporary injunction issued by the trial court in connection with certain racial demonstrations occurring in Danville.

Miss Harvey and another Danville attorney, J. L. Williams, undertook to represent all those charged with violating the injunction.

Trial of the persons so charged was delayed for more than three years. In early December, 1966, the trial judge held a conference in chambers, with Miss Harvey present, to discuss the procedures to be followed in trying the cases. At that time, the name of Holt came up for discussion, and Miss Harvey told the court that she represented him and that he would appear in court.

On December 7, 1966, the Commonwealth's Attorney for Danville addressed a letter to Miss Harvey and Mr. Williams, stating that the 371 cases had been set for trial in five groups on five separate days in December, Holt's case being set for December 13.

On December 13, the names of those persons whose cases were set for trial on that date were called in court. When the name of Holt was called, Miss Harvey indicated that he was in Washington, D. C., but that he would appear on December 20. It was agreed that Holt's case would be heard on the 20th with the "possibility" that it might be stipulated "that the evidence that had been heard on this occasion can be used with reference to his matter."

On December 20, when the name of Holt was called, Miss Harvey answered, "He is not here." She then told the court "she no longer represented Mr. Holt." The following ensued:

"The Court: . . . Now, Miss Harvey and Mr. Williams, you told me several days ago here in Court that you did represent Leonard Holt. Why is it now you say you do not?"

\* \* \* \* \*

"Mr. Williams: . . . Mr. Holt is, of course, an attorney at law. Mr. Holt left here with these cases and he did not tell us very definitely that we were representing him. Now we have been representing all of the people who were in the demonstrations who have been in touch with us. Now Mr. Holt has not been directly in touch with us.

"The Court: Now where did you get the idea that you did represent Holt, because you told me that?

"Mr. Williams: Because we were under the impression that . . . we were representing . . . all of the demonstrators . . . until we got in touch with them . . . and we have not gotten in touch with Mr. Holt. Now on the basis of what we first said, that we are representing all of the demonstrators—now for those who might

have wanted some other counsel or had other counsel, now we have just come to the point that we could not [stipulate] in all fairness to Mr. Holt, to The Court and to ourselves, we could not stipulate anything as far as Mr. Holt is concerned, because we couldn't get in touch with him again to verify the fact that we were still representing him.

"The Court: All right. You do not represent him now?

"Mr. Williams: No, Sir."

\* \* \* \* \*

"The Court: Miss Harvey, the Court cannot release you from the representation of Mr. Leonard Holt. You announced earlier in these proceedings that you were representing him and the Court cannot excuse you.

"Miss Harvey: All right, sir.

"The Court: I expect you to represent him."

With Miss Harvey acting as defense counsel, the court proceeded to hear the charges against Holt and found him guilty and imposed sentence. Thereafter, the following colloquy occurred:

"The Court: Miss Harvey, the Court is of the belief that you've deceived the Court here about Leonard Holt.

"Miss Harvey: Judge, I reported to the Court the information that I had—that I have, as far as his appearance here today. Now, I have my secretary in court, who [was] the person who contacted all of these persons, because it was physically impossible for me to do so.

"The Court: Yes.

"Miss Harvey: And she talked with his family and she was given the understanding that he'd be here the 20th, and this I reported to the Court.

"The Court: You misled the Court about representing him."

\* \* \* \* \*

"Miss Harvey: If your Honor please, at the time Mr. Holt left here he—that was three years ago, he indicated to me that I was to handle the case. Now maybe I was being too frank, because he told me at that time in as much as I had not had direct contact with him before, you know, since this time, that I had only the intimation from his family, then I felt that it was better to be frank with the Court and, you know, say that I was not representing him; because this was three years ago. And I had not had contact with

him in between that time except through members of his family. And I was trying to be absolutely frank with the Judge to let him know what went on in between.

"The Court: I don't think you were frank with the Court. The Court feels that you are in contempt of court and fines you $25.00."

Although there are several assignments of error, the controlling question is whether the statements of Miss Harvey with respect to her representation of Holt were sufficient to warrant the finding of contempt against her.

The finding can be sustained only if it appears that Miss Harvey told the court in the first instance that she represented Holt when she knew she did not, or told the court later that she no longer represented him when she knew she still did, intending, in either event, to mislead the court, thereby impeding and obstructing the administration of justice. *Carter* v. *Commonwealth*, 96 Va. 791, 802-803, 32 S. E. 780, 780 (1899).

There is nothing in the record to show that the earlier statements of Miss Harvey were made other than in the good-faith belief that she did represent Holt. It is true that Williams, Miss Harvey's co-counsel, told the court that Holt "did not tell us very definitely that we were representing him." But Miss Harvey said clearly, "at the time Mr. Holt left here . . . he indicated to me that I was to handle the case." And Williams said, "we were under the impression that . . . we were representing . . . all of the demonstrators . . . until we got in touch with them."

Nothing is shown by the record to have occurred from the time Miss Harvey first undertook to represent Holt in 1963 until his failure to appear in court on December 20, 1966, which would have led her to believe that her relationship as his attorney had ceased to exist. Thus, it cannot be said that her earlier statements that she did represent Holt were untrue and calculated to mislead the court.

Nor does the record reflect that the later statement of Miss Harvey was made other than in the honest belief that she no longer represented Holt. She explained to the court that she had received assurance that Holt would appear on December 20 and that when he did not, she "felt that it was better to . . . say that I was not representing him . . . because this was three years ago . . . [a]nd I had not had contact with him in between that time except through members of his family."

Williams explained to the court that he and Miss Harvey felt they no longer represented Holt because "we have been representing all

of the people who were in the demonstrations who have been in touch with us" and "Mr. Holt has not been directly in touch with us . . . we have just come to the point that . . . we could not stipulate anything as far as Mr. Holt is concerned, because we couldn't get in touch with him again to verify the fact that we were still representing him."

From this it reasonably appears that the basis of the statement by Miss Harvey that she no longer represented Holt was her belief that his failure to appear on December 20 or otherwise to contact her left her without authority to continue in the case. Thus, it cannot be said that the statement was untrue and calculated to mislead the court.

We are of opinion that the statements of Miss Harvey with respect to her representation of Holt were not sufficient to warrant the finding of contempt against her. Accordingly, the judgment of contempt will be reversed and the proceedings dismissed.

*Reversed and dismissed.*