**Norfolk**

RONNIE ANTHONY CARTER

v.

COMMONWEALTH OF VIRGINIA

No. 0102-85

Decided June 17, 1986

Counsel

Roy H. Lasris (Buxton & Lasris, P.C., on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

BAKER, J.—This is an appeal by Ronnie Anthony Carter (appellant) from a judgment of the Circuit Court of Newport News which declared him to be in contempt of court for failing, without offering an excuse, to notify the trial court of his request for a jury prior to the morning he was scheduled to be tried by the trial judge without a jury. Appellant asserts that he may invoke his constitutional right to a jury trial at any time and for any reason unless he has previously expressly waived that right. He further claims that the evidence in this record does not meet the standard of proof necessary to sustain a conviction for criminal contempt. We agree with his second contention.

On July 9, 1984, a grand jury sitting in the Circuit Court of Newport News returned true bills against appellant on charges of murder, robbery and use of a firearm in the commission of a felony, to wit, murder. A trial date of November 15, 1984, a "nonjury" day, was assigned for appellant's trial on the indictments. The morning that the trial was scheduled to be heard, appellant's counsel moved the trial court to continue the matter "so a jury can be assembled." Appellant, from the date of his indictments to November 15, 1984, had not advised the trial court of his desire to be tried by jury.

In response to an inquiry from the trial court, counsel for appellant advised the court that appellant's decision to request a jury was made "yesterday afternoon." Immediately upon hearing that statement from counsel the trial court announced that appellant was in contempt of court. Counsel for appellant responded that he did not understand the contempt of court and was told by the trial court that "[t]he contempt is, Mr. Lasris, that I haven't got a jury here today." The trial court then added:

That we haven't got any jury days for the next two months and it's all because he's just changed his mind and as far as I'm concerned, the Commonwealth is ready to go, has all of its witnesses here and I consider that contempt of court in delaying the administration of justice.

After that statement by the trial court, appellant's request to speak was granted. Appellant's only statement was as follows:

> The decision were (sic) not made yesterday. He asked me yesterday to give him a decision. I had mentioned a jury trial to him before.

Appellant's counsel then interjected that "[w]e had been discussing it with the Commonwealth."

The contempt finding was made on November 15, 1984; however, the order was not signed and spread upon the records until November 27, 1984. The order noted that appellant, by counsel, moved the court for a continuance because "the defendant now desires trial by jury;" that the indictment was returned on July 9, 1984; that the date the motion was made was November 15, 1984; that appellant's decision to request a jury was made on the afternoon of November 14, 1984; that the decision was not transmitted to anyone until the motion was made on the morning of November 15, 1984; that the Commonwealth and its witnesses were present and ready for trial; that the court reporter was present; but that no jury was assembled because none had been requested. The order further noted that there were no available jury days for several months that were agreeable to all parties and stated the conclusion of the trial judge that he felt that "the defendant was brazenly and purposefully delaying the administration of justice by his action in failing to inform this Court of his request for a jury *and no excuses being offered.*" (emphasis added).

The order then adjudged appellant to be "in contempt of court and summarily punished by confinement in jail for a period of ten (10) days."

> The power to punish for contempt is inherent in, and as ancient as, courts themselves. It is essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees, and to preserve the confidence and respect of the people without which the rights of the people cannot be maintained and enforced.

*In re Chadwick,* 109 Mich. 588, 596, 67 N.W. 1071, 1072 (1896). *See also* Barry, *Contempt of Court,* 10 Va. L. Rev. 289 (1924); *Nicholas* v. *Commonwealth,* 186 Va. 315, 321, 42 S.E.2d 306, 309 (1947); *Carter* v. *Commonwealth,* 96 Va. 791, 810, 32 S.E. 780, 785 (1899).

■ "Contempt is defined as an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute." 4A Michie's Jurisprudence *Contempt* § 2 (Repl.Vol. 1983). Any act which is calculated to embarrass, hinder, or obstruct the court in the administration of justice is contempt. *Potts* v. *Commonwealth*, 184 Va. 855, 859, 36 S.E.2d 529, 530 (1946).

> Proceedings for contempt of court are of two classes,—those prosecuted to preserve the power and vindicate the dignity of the court and those to preserve and enforce the rights of private parties. The former are criminal and punitive in their nature; the latter are civil, remedial and coercive in their nature, and the parties chiefly interested in their conduct and prosecution are those individuals for the enforcement of whose private rights and remedies the original suit was instituted.

*Local 333 B, United Marine Div.* v. *Commonwealth*, 193 Va. 773, 779, 71 S.E.2d 159, 163, *cert. denied*, 344 U.S. 893 (1952). *See also United Steelworkers* v. *Newport News Shipbuilding & Dry Dock Co.*, 220 Va. 547, 549-50, 260 S.E.2d 222, 224 (1979) (citations omitted).

■ The parties agree that appellant was found guilty of criminal contempt. Criminal contempt occurring in the presence of the court is sometimes referred to as direct contempt. *See Burdett* v. *Commonwealth*, 103 Va. 838, 845-46, 48 S.E. 878, 880-81 (1904). A person charged with criminal contempt is entitled to the benefit of the presumption of innocence, and the burden is on the prosecution to prove the guilt of the accused. *Bryant* v. *Commonwealth*, 198 Va. 148, 152, 93 S.E.2d 130, 133 (1956); *Calamos* v. *Commonwealth*, 184 Va. 397, 404-05, 35 S.E.2d 397, 400 (1945). The object of the proceeding before the trial court was to punish appellant for an alleged contempt, and it being criminal in nature the rules of evidence applicable in criminal cases prevail. *Kidd* v. *Virginia Safe Deposit & Trust Corp.*, 113 Va. 612, 614, 75 S.E. 145, 145 (1912); 4A Michie's Jurisprudence *Contempt* § 32 (Repl.Vol. 1983). Mere preponderance of evidence is not sufficient to convict, but the offense charged must be proved beyond a reasonable doubt. *Nicholas* v. *Commonwealth*, 186 Va. at 321-22, 42 S.E.2d at 310.

■ The question we must decide is whether the evidence in the record viewed most favorably to the Commonwealth[1] shows beyond a reasonable doubt that appellant's request for a jury trial, made formally for the first time on the morning he was scheduled to be tried by the court, was with the *intent* to "obstruct or interrupt the administration of justice." Code § 18.2-456(1). "It has been stated that *intent* is a necessary element in criminal contempt, and that no one can be punished for a criminal contempt unless the evidence makes it clear that he intended to commit it." 17 Am. Jur.2d *Contempt* § 8 (1964) (emphasis added). The record in such cases must contain more than the bare *conclusion* that the defendant's conduct was insolent, insulting, boisterous or the like. The actual facts upon which the court based its final conclusion must be set out. *See* 17 Am. Jur.2d *Contempt* § 100 (1964). Such *conclusions* alone will not support a criminal contempt adjudication. The record must show facts to support proof that the contempt was committed *willfully.*

Generally, a decision in direct contempt proceedings should set out sufficient facts to show that the court had jurisdiction to punish for contempt, that the contempt was committed in the presence of the court, and that the contempt was committed willfully, *and should recite the facts upon which the court based its final conclusion.*

*Id.* (emphasis added).

A reason behind the requirement of detailed facts is that the courts, although recognizing the summary nature of direct contempt proceedings, try to limit to the absolute minimum the dangers inherent in such type of legal proceedings. Even a right to review in such cases constitutes no guaranty against unjust or arbitrary judgment if the reviewing court is not afforded an opportunity to evaluate the facts upon which the decision has been reached. Thus, it has been stated that the purpose of this requirement is to enable the appellate court to determine, by an inspection of the record, whether a contempt has in fact been committed and whether the court had jurisdiction to punish it.

---

[1] *Branch* v. *Branch*, 144 Va. 244, 249, 132 S.E. 303, 305 (1926) (on appeal the appellant stands as if there is a demurrer to the evidence).

*Id.* at § 103.

The record disclosed only that appellant was indicted on July 9, 1984; that at some time during that month an attorney was appointed to represent him; that for reasons not shown appellant was not scheduled for trial until November 15, 1984; that between the date of the indictment and the date trial was scheduled to be conducted by the trial judge, no request for a trial by jury was made by appellant; that witnesses were in court and the Commonwealth was ready for trial on November 15, 1984; and that although counsel for appellant advised the court that appellant had decided only on the afternoon of the previous day that he wanted a trial by jury, appellant denied this, stating that his counsel had "asked me yesterday to give him a decision. I had mentioned a jury trial to him before."

█ In Virginia, arraignment is not required until the time of the trial. No written waiver or oral election as to the type of trial the defendant desires is required until the court convenes and complies with the requirements of Rule 3A:8(b) as supplemented by Forms 6 or 7 of the Appendix of Forms for Criminal Practice and Procedure. When the defendant is represented by counsel, prior to the trial prosecution communications are only with his counsel. Here, the record reveals that counsel for the defense and the Commonwealth had been discussing the possibility of jury trial but it does not disclose what, if any, communications were made concerning a waiver of appellant's right to trial by jury. If defense counsel declines—or is unable because his client has not made the decision—to advise the court as to whether the defendant will waive trial by jury, Code § 19.2-257 provides a vehicle to prevent the reoccurrence of the delay caused by a defendant's last hour election. Pursuant to that code section, the court or the Commonwealth may demand that a jury be present on the date the matter is scheduled to be heard. There then will be no cause for delay on the trial date as a result of a last minute request or waiver. *See generally Vines* v. *Muncy*, 553 F.2d 342 (4th Cir.), *cert. denied*, 434 U.S. 851 (1977) (where prosecutorial consent to the waiver of a jury trial as required by the statute was held constitutional).

█ A defendant, expressly or by his conduct, may waive his right to trial by jury. *See generally* 47 Am. Jur.2d *Jury* §§ 81, 83 (1969). *See also* Code § 19.2-257; Fed. R. Crim. P. 23(a). Where

there has been a knowing, intentional and voluntary waiver of the right to a jury trial there is no absolute constitutional right to withdraw it. *Riadon* v. *United States*, 274 F.2d 304, 307 (6th Cir.), *cert. denied*, 364 U.S. 896 (1960). Even if there has been a waiver, the decision to elect one's right to a trial by jury—even moments before the trial is scheduled to begin—is not *per se* contempt of court. "Where *there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely.*" *Thomas* v. *Commonwealth*, 218 Va. 553, 555, 238 S.E.2d 834, 835-36 (1977) (quoting 47 Am. Jur.2d *Jury* § 70 (1969)). To support a finding of the willful intent necessary for conviction of contempt, the record must contain evidence that the delayed request was made for the purpose of obstructing or interrupting the administration of justice and not just for the purpose of exercising a right guaranteed by the Constitutions of the United States and the Commonwealth of Virginia. *See Thomas*, 218 Va. at 556, 238 S.E.2d at 835-36.

We do not here lose sight of the fact that frequently a reading of the cold record does not accurately portray the actual conduct of the parties, their witnesses or their counsel. For that reason it is of utmost importance that as near as possible the record recites the facts or contains the evidence to support the conclusions of the trial court. *See Harvey* v. *Commonwealth*, 209 Va. 433, 436-37, 164 S.E.2d 636, 638 (1968) (showing the need for the record to prove guilt). Here, the record fails to support appellant's conviction for criminal contempt.

In view of the opinion herein expressed, it is unnecessary to decide any other issue raised by appellant on this appeal.

Accordingly, the judgment of contempt is reversed and as to that charge the proceeding is dismissed.

*Reversed and dismissed.*

Barrow, J., and Hodges, J., concurred.