## CIRCUIT COURT OF LOUDOUN COUNTY

Johnson, Adm.

v.

Smith et al.

April 10, 1992

Case No. (Law) 10648

BY JUDGE THOMAS D. HORNE

This cause came before the Court on defendant's Motion to Set Aside the Jury Verdict or Award a New Trial. For the reasons previously stated to the record, the Motion will be denied. As the Court noted earlier, the evidence does not support a conclusion that any agent of the plaintiff directly contacted a juror in this case. The only jury contact shown to have taken place occurred between a juror and her neighbor prior to the trial.

The contact consisted of a conversation in which the neighbor related to the juror the contents of a phone call she had received from someone purporting to be a bank official. It was reported that the bank official was making inquiry concerning certain personal aspects of the juror's life in connection with a loan application. No such application for a loan with the bank had been made by the juror.

The juror later shared the contents of the call with other jurors on panel during the trial of the case. Another juror reported having received a direct telephone inquiry concerning certain personal aspects of her life. The evidence would indicate that this direct juror contact was made coincidentally as part of telemarketing survey. This survey had no connection with this case.

The evidence clearly shows that Mr. William M. Gordon, an investigator employed by the plaintiff, placed the phone call to the juror's neighbor. He admitted to having lied to the neighbor concerning his identity. Dossiers on the other jurors were prepared by Mr. Gordon for use by the plaintiff. These are in the Court file.

The jury verdict was supported by the evidence, and the Court committed no error in the admission of evidence in the case. A hearing was conducted by the court, *ex mero motu*, to determine whether the jurors had been influenced by their consideration of the extraneous information. *Evans-Smith v. Commonwealth*, 5 Va. App. 188 (1987).

While there is no evidence which would justify the Court in setting aside the verdict by reason of improper contact with members of the jury, there is another issue which cannot go unnoticed by the Court. This issue is one of the integrity of the judicial process and of this Court.

The evidence and representations of counsel would indicate that the use of an artifice to gain an advantage with individuals solicited prior to trial was the idea of the investigator. There is nothing in the record to indicate that the representations of the agent were approved, condoned, or concurred in by plaintiff or her attorneys.

"Contempt" has been defined as:

> an act in disrespect of the court or its process, or which obstructs the administration of justice, or tends *to bring the court into disrepute*. (Emphasis added) . . . Any act which is calculated to embarrass, hinder, or obstruct the court in the administration of justice is contempt. *Carter v. Commonwealth*, 2 Va. App. 392, 396 (1986). (Authorities omitted.)

The Court finds ample reason to direct that a Rule issue against William M. Gordon to Show Cause why he should not be fined or imprisoned for contempt by reason of the false representations made by him in the course of his employment by one of the parties to this litigation.

The use of a tactic such as employed by Mr. Gordon brings discredit upon the judiciary. It undermines the confidence that prospective jurors place in the Court to insure that they will be dealt with fairly and honestly by the litigants and their employees.

In addition, this Court must determine what, if any sanction, should be imposed upon the plaintiff for the fraud of her agent. It must be assumed that this information was used to her advantage in the trial of this case. But for the discovery by peradventure of the casual conversation between jurors, it may be assumed that the Court would never have learned of the activities of Mr. Gordon.

The Court finds that the conduct of the investigator casts a dark shadow over this case. It is a reasonable assumption that the disclosure of the trick and artifice practiced in this case will have a chilling effect on the jury selection process. This becomes particularly troublesome when weighed against significant attempts by this Court to make jury service less stressful, inconvenient, and time-consuming.

The Court finds that the record is devoid of any evidence of complicity in the fraudulent scheme by the plaintiff or her counsel. Accordingly, absent such a finding, the Court deems inappropriate any sanctions against the plaintiff or her counsel. Mr. Gordon must bear full and complete responsibility for his actions. While the information obtained may have been used to the benefit of plaintiff and her counsel, the verdict is supported by the evidence. The jury was not influenced by the recitation of the neighbors' conversation.

Accordingly, the Clerk is directed to issue a Rule to William M. Gordon, 14235 Main Street, Fairfax, Virginia, for him to show cause why he should not be fined and/or imprisoned for contempt by reason of his having, by use of a fraudulent identity, acquired information concerning prospective jurors in the case of *Johnson, Adm. v. Smith et al.*, At Law No. 10648 (Circuit Court of Loudoun County). Said Rule shall be returnable to May 1, 1992, at 2:00 p.m.

The Court will enter a Final Order in this case at that time. Counsel are advised to be present . . . . The Final Order should reflect the jury verdict, Final Judgment in accordance with the verdict, and the contents of this letter.