COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Benton and Senior Judge Hodges
Argued at Norfolk, Virginia

JOEL DEAN GILLILAND

v.      Record No. 2303-93-1        MEMORANDUM OPINION[*] BY
                                    JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                 MAY 16, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    John D. Gray, Judge

     Nathaniel J. Webb, III, for appellant.

     Margaret Ann B. Walker, Assistant Attorney General
     (James S. Gilmore, III, Attorney General, on
     brief), for appellee.


     The appellant, Joel Dean Gilliland, was convicted of

breaking and entering his ex-wife's house in the nighttime while

armed with a deadly weapon and with the intent to commit assault

in violation of Code § 18.2-91.  On appeal, appellant contends

that this conviction violated the double jeopardy clauses of the

United States Constitution and the Virginia Constitution because

the conduct for which he was convicted was the same conduct under

which he was found guilty of contempt for willfully violating a

pendente lite decree in an earlier proceeding.  We disagree and

affirm the conviction.

     In prosecuting appellant under Code § 18.2-91, the

Commonwealth was required to prove "(1) an entry of a dwelling

house; (2) in the nighttime; (3) with or without breaking; (4)

with the intent to commit [an enumerated felony]; and (5) by [the

[*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

accused]."  Caminade v. Commonwealth, 230 Va. 505, 508, 338 S.E.2d 846, 848 (1986) (citing Code § 18.2-91).  To elevate the crime to a class 2 felony, the Commonwealth had to prove that appellant was armed with a deadly weapon at the time of the entry.  Code § 18.2-91.

In United States v. Dixon, 509 U.S. ___, ___, 113 S. Ct. 2849, 2860 (1993), the Supreme Court overruled Grady v. Corbin, 495 U.S. 508 (1990), which applied the "same-conduct" test to double jeopardy analyses.  Therefore, the sole remaining test to determine a double jeopardy violation is the "same-elements test, sometimes referred to as the 'Blockburger' test."  Dixon, 509 U.S. at ___, 113 S. Ct. at 2856.  See also Brown v. Ohio, 432 U.S. 161, 168-69 (1977); Blockburger v. United States, 284 U.S. 299, 304 (1932).  Under that test the court determines "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution."  Dixon, 509 U.S. at ___, 113 S. Ct. at 2856.

The pendente lite decree which appellant violated and for which he was earlier convicted "enjoined and restrained [appellant] from interfering, molesting, and harassing" his wife.  Appellant's contempt conviction for violating the decree required proof that appellant interfered with, molested, or harassed his wife and that he was aware of the decree's prohibitory injunctive language.  See Calamos v. Commonwealth,

-2-

184 Va. 397, 405, 35 S.E.2d 397, 399 (1945) (reversing contempt conviction because there was insufficient proof that contemnor had actual knowledge of the injunction decree); see also Powell v. Ward, 15 Va. App. 553, 556, 425 S.E.2d 539, 541 (1993) (explaining requirement that accused must have actual notice or knowledge of the injunction). No similar knowledge was required to convict appellant of violating Code § 18.2-91, nor could a conviction under that statute issue merely for interfering, harassing, or molesting his wife.

The elements required to convict appellant under Code § 18.2-91 were not elements of his contempt conviction. Namely, the Commonwealth was required to prove that appellant (a) had the specific intent to commit assault, (b) possessed a deadly weapon, and (c) entered at night without permission. The contempt conviction only required the proof of willful disobedience to the lawful order of the court. See Robertson v. Commonwealth, 181 Va. 520, 25 S.E.2d 352 (1943); Carter v. Commonwealth, 2 Va. App. 392, 345 S.E.2d 5 (1986).

Because each conviction required proof of different elements, the conviction for violating Code § 18.2-91 did not violate the double jeopardy clause. Accordingly, we affirm appellant's conviction.

                                                        Affirmed.

-3-