COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


STERLING H. WEAVER, SR.

MEMORANDUM OPINION[*] BY

v.    Record No. 1056-01-1      JUDGE ROBERT J. HUMPHREYS
                                MARCH 19, 2002

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Sterling H. Weaver, Sr., pro se.

Linwood T. Wells, Jr., Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


Sterling H. Weaver, Sr., an attorney licensed to practice law

in Virginia, appeals his conviction for criminal contempt for

obstructing the administration of justice by failing to prepare

for trial.  Weaver asserts that the trial judge erred:  1) by

failing to recuse himself; 2) by admitting into evidence the

transcript of a pretrial hearing; 3) by permitting a witness to

testify who had not been excluded from the courtroom; and 4) by

finding the evidence sufficient to support his conviction.  For

the reasons that follow, we reverse the conviction.

As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

_____

[*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, this opinion recites only those facts and incidents of the proceedings necessary to the parties' understanding of the disposition of this appeal.

Weaver was substituted as counsel for Derrick Majette on November 9, 2000.[1]  Majette's trial was scheduled to take place on January 29, 2001.

On Friday, January 5, 2001, Weaver filed a "Notice and Motion to Suppress Evidence," "Notice and Motion for a Bill of Particulars," "Notice and Motion for Discovery and Inspection," and "Notice and Motion for Exculpatory Evidence."  The clerk's office received these motions at 4:26 p.m.  Each motion and accompanying notice indicated that the motions would be heard the following Monday, January 8, 2001 at 9:00 a.m.  Accordingly, the clerk placed the motions on the circuit court docket for January 8, 2001.  However, the Commonwealth did not appear at the hearing, and the motions were removed from the docket for that day.

The record does not reflect whether the Commonwealth received the notice and motions before January 8, 2001, nor does the record reflect the date the motions were heard.  However, the transcript refers to the trial court entering an order on

---

[1] A copy of the order substituting Weaver as counsel was not made part of the record on appeal.  However, in the transcript of the trial Weaver refers to "getting in the case on the 9th." In addition, the trial court variously states that Weaver became counsel for Majette on November 9th and November 6th.

-

the Thursday before trial, requiring discovery to be produced. Thus, we presume that the motions were heard and disposed of on January 25, 2001.

On January 29, 2001, the case was called for trial as scheduled. After the Commonwealth indicated its readiness to proceed, Weaver informed the trial court that he was not prepared to begin trial and requested a continuance. Weaver contended that based upon the discovery he had received, he needed additional time to investigate several matters on behalf of his client. In particular, Weaver pointed to a photograph he had found which was used in a photographic lineup and had the notation "Joyce Alexander. None of the above," on the back. Weaver claimed he needed time to locate and question Alexander concerning her knowledge of the incident at issue. The Commonwealth objected to Weaver's motion and responded that all exculpatory evidence had been provided to Weaver in compliance with the discovery order.

In response, the trial court scolded both parties for the dilatory manner in which the pretrial motions were filed and disposed of in the case. Nevertheless, Weaver maintained that he was not ready to proceed. Accordingly, the trial judge granted the continuance, but issued a rule to show cause against Weaver to appear and show cause why he should not be found in contempt for failing to prepare for trial. Weaver was found in criminal

-

contempt of court and sentenced to a fine of $250 after his March 6, 2001 trial on the rule to show cause.[2]

On appeal, Weaver contends the evidence is insufficient to establish he failed to prepare for trial. In the alternative, Weaver argues the evidence is insufficient to demonstrate that any such failure was with the intent to "obstruct or interrupt the administration of justice."

It is well established that "where the court's authority to punish for contempt is exercised by a judgment rendered, its finding is presumed correct and will not be reversed unless plainly wrong or without evidence to support it."[3] Code § 18.2-456 provides courts and judges with the power to

> issue attachments for contempt, and punish them summarily, only in the cases following:
>
> (1) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice;
>
> (2) Violence, or threats of violence, to a judge or officer of the court, or to a juror, witness or party going to, attending or returning from the court, for or in respect of any act or proceeding had or to be had in such court;

---

[2] Although a rule to show cause rather than a criminal warrant was issued, a misdemeanor sentencing order was entered finding Weaver guilty of criminal contempt in violation of Code § 18.2-456, and sentencing him to a fine in the amount of $250. Weaver has raised no objection to the manner in which these proceedings were instituted. Thus, we refer to the proceedings below as a trial rather than a hearing.

[3] Brown v. Commonwealth, 26 Va. App. 758, 762, 497 S.E.2d 147, 149 (1998).

-

(3) Vile, contemptuous or insulting language addressed to or published of a judge for or in respect of any act or proceeding had, or to be had, in such court, or like language used in his presence and intended for his hearing for or in respect of such act or proceeding;

(4) Misbehavior of an officer of the court in his official character;

(5) Disobedience or resistance of an officer of the court, juror, witness or other person to any lawful process, judgment, decree or order of the court.

This Court has defined "'[c]ontempt [as] . . . an act in disrespect of the court and its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute.'"[4]  "It includes any act 'which is calculated to embarrass, hinder, or obstruct the court' in the discharge of its responsibilities."[5]  Although Code § 18.2-456(1) requires no element of specific intent to "obstruct or interrupt" the administration of justice, we have held in cases of criminal contempt that in order "to support a finding of the willful intent necessary for [a] conviction of [direct] contempt, the record must contain evidence that the [conduct was engaged in

---

[4] Carter v. Commonwealth, 2 Va. App. 392, 396, 345 S.E.2d 5, 7 (1986) (quoting 4A Michie's Jurisprudence Contempt § 2 (Repl. Vol. 1983)).

[5] Baugh v. Commonwealth, 14 Va. App. 368, 372, 417 S.E.2d 891, 894 (1992) (quoting Carter, 2 Va. App. at 396, 345 S.E.2d at 7-8).

-

for] the purpose of obstructing or interrupting the administration of justice . . . ."[6]

The record fails to reflect any evidence of intent on the part of Weaver to obstruct justice and/or interrupt the administration of justice. Indeed, Weaver simply requested a continuance in order to pursue the matters raised in discovery. The record does not indicate that Weaver had requested a previous continuance of the matter, nor does it establish that Weaver's request was unreasonable in light of the discovery he had received. Accordingly, on this record, we cannot find as a matter of law that Weaver's conduct amounted to criminal contempt in violation of Code § 18.2-456. Thus, we reverse the judgment of the trial court and dismiss.[7]

Reversed and dismissed.

---

[6] Carter, 2 Va. App. at 399, 345 S.E.2d at 9.

[7] By so ruling, we do not suggest that an attorney's lack of preparation can never constitute contemptuous conduct in violation of Code § 18.2-456.

-