COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Willis


DOUGLAS L. MILLER

                                                  MEMORANDUM OPINION*
v.        Record No. 1050-03-2                        PER CURIAM
                                                   FEBRUARY 10, 2004
BOARD OF SUPERVISORS OF
 KING GEORGE COUNTY


            FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
                     Horace A. Revercomb, III, Judge

            (Douglas L. Miller, pro se, on briefs).

            (Matthew J. Britton, Commonwealth's Attorney, on brief), for
            appellee.


        Douglas L. Miller appeals the March 25, 2003 ruling of the circuit court finding him in

contempt for violating the court's July 26, 2002 ruling ordering him to abate a zoning violation.  On

appeal, he contends (1) the court erred by "exceed[ing] its authority or jurisdiction when ruling on

contempt when the [c]ircuit [c]ourt's original ruling was under appeal," (2) the court erred by

"refusing to determine the constitutionality of an issue when the issue was before [it] and the loss of

constitutional privilege was under threat," (3) "King George County's Zoning Ordinance [is]

unconstitutional and/or in violation of multiple sections of [the] Virginia Code," and (4) the trial

court "abuse[d] its authority when prescribing a fine and sentence without adequately considering

the degree of public good or harm."  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On July 26, 2002, the circuit court found appellant in violation of King George County Zoning Ordinance 1.7.1 for operating a non-community water system without a special exception permit, in that he owned certain real property consisting of three separate structures, all served by one well, the sole water service for each structure. The court ordered appellant to pay a fine and to abate the violation within ten days of the court's ruling.

On November 19, 2002, the court found appellant in contempt of the July 26, 2002 order. The court suspended the imposition of sentence to allow appellant to abate the violation. On January 24, 2003, the court again found appellant in contempt for failing to abate the violation. The court continued the matter for sentencing to March 20, 2003 and again allowed appellant time to abate the violation.

At the March 20, 2003 hearing, Jack Green, King George County Zoning Administrator, testified he viewed the property that morning and determined appellant had still failed to abate the violation. The court found appellant in contempt and sentenced him to a fine and to six months in jail, all of which the court suspended.

## I.

Citing Rule 1:1, appellant asserts the trial court acted without jurisdiction when it entered the March 25, 2003 order. He appears to contend that because that order was entered more than twenty-one days after the original July 26, 2002 order, the circuit court lacked jurisdiction to hold him in contempt.

Rule 1:1 provides, in pertinent part:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.

The circuit court order, finding appellant in contempt for violating its earlier order, does not modify, vacate, or suspend the July 2002 order. Rule 1:1 was not implicated in the proceedings below.

Under Code § 18.2-456, a court may find a party in contempt of court for "[d]isobedience or resistance . . . to any lawful process, judgment, decree or order of the court." "The power to punish for contempt is inherent in, and as ancient as, courts themselves. It is essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees." Carter v. Commonwealth, 2 Va. App. 392, 395, 345 S.E.2d 5, 7 (1986). The trial properly exercised its power to enforce its orders and did not act without jurisdiction.

II., III., and IV.

It appears that these arguments were not made to the trial court. There is no reference in the briefs to the pages of the transcript or appendix where these arguments were presented. See Rule 5A:20(d). "We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Inasmuch as it appears that the arguments made before this Court were never made in the trial court, we decline to consider the issues for the first time on appeal. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18); Zipf v. Zipf, 8 Va. App. 387, 392, 382 S.E.2d 263, 265 (1989). Accordingly, Rule 5A:18 bars our consideration of these questions on appeal.

Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18 as appellant attacks the validity of the July 26, 2002 order. He attempts to collaterally challenge the final order finding he violated King George County Zoning Ordinance 1.7.1. Appellant appealed this order to the Supreme Court of Virginia, which has rejected his appeal. He cannot now challenge that order before this Court. "Generally, a judgment or decree rendered by a court having jurisdiction over the parties and subject matter

- 3 -

must be challenged by direct appeal and cannot be attacked collaterally." Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 490 (1993) (citations omitted).

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.