UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Chafin and Senior Judge Coleman
Argued at Richmond, Virginia


VERONICA L. GRAVES

                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 0148-14-2                     JUDGE RANDOLPH A. BEALES
                                                   NOVEMBER 25, 2014

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Bradley B. Cavedo, Judge

            Dorian Dalton, Supervising Assistant Public Defender (Office of the
            Public Defender, on brief), for appellant.

            Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        The Circuit Court of the City of Richmond affirmed the general district court's decision,

pursuant to Code §§ 18.2-458 and 18.2-459, to hold Veronica L. Graves (appellant) in contempt

of court under Code § 18.2-456.[1]  Appellant argues that the circuit court erred in finding that the

evidence was sufficient to support the general district court's contempt finding.  We hold that the

circuit court did not err when it found the evidence was sufficient beyond a reasonable doubt to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Under Code § 18.2-458, Virginia's district court judges "have the same power and jurisdiction" to punish for summary contempt that circuit court judges possess under Code § 18.2-456.  Pursuant to Code § 18.2-459, a person who has been found guilty of contempt by a district court judge "may appeal therefrom to the circuit court" and "appear before such circuit court to answer for the offense."  Code § 18.2-459 states that, when an appeal is made to the circuit court, "a certificate of the conviction and the particular circumstances of the offense" shall be transmitted to the circuit court.  The circuit court judge, "sitting without a jury, shall hear the case upon the certificate and any legal testimony adduced on either side, and make such order therein as may seem to him proper."  Id.

convict appellant of contempt of court before the general district court. Accordingly, for the following reasons, we affirm appellant's conviction.

## I. BACKGROUND

We consider the evidence on appeal "'in the light most favorable to the Commonwealth as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)). In this case, appellant pled guilty in general district court to a possession of marijuana charge on October 17, 2013. As permitted by Code § 18.2-251, the general district court deferred disposition on the matter until April 17, 2014. Under the terms of the general district court's order, appellant's possession of marijuana charge was to be dismissed on April 17, 2014 if she successfully completed drug screens and drug treatment, and if she completed twenty-four hours of community service by that date. In addition, appellant's driver's license was to be suspended from October 17, 2013 to April 17, 2014. Appellant was, however, eligible to apply to the court for a restricted driver's license.

On October 23, 2013, just six days after entering her guilty plea for possession of marijuana, appellant appeared in general district court to request a restricted driver's license. Before agreeing to issue her a restricted driver's license, the general district court judge ordered that appellant be drug tested. Appellant's drug test, which was conducted that same morning, yielded a positive result for THC,[2] cocaine, and morphine.

---

[2] It is apparent from the record that the abbreviation THC refers to the substance tetrahydrocannabinol. "'[C]annabis plants contain tetrahydrocannabinol (THC).'" Clarke v. Commonwealth, 60 Va. App. 190, 194 n.2, 725 S.E.2d 158, 160 n.2 (2012) (quoting Monson v. DEA, 589 F.3d 952, 955 (8th Cir. 2009)).

The general district court judge summarily found appellant in contempt of court in violation of Code § 18.2-456 and, pursuant to Code §§ 18.2-458 and 18.2-459, issued an "Order and Certificate," ("the certificate") which reads as follows:

> This day came the defendant, Veronica L. Graves, appearing to make a request for a restricted operator's license for a possession of marijuana charge that was previously taken under advisement.
>
> Whereupon the defendant was tested by the Richmond sheriff's department and did test positive for THC, cocaine, and morphine.
>
> It is adjudged that, Veronica L. Graves is guilty of contempt of court in that she did appear in court while under the influence of drugs and I sentence her to 10 days in jail with 0 days suspended. I further order that she pay the court costs in this proceeding.

Appellant appealed this contempt of court conviction to the circuit court under Code § 18.2-459.

Appellant appeared in circuit court on January 8, 2014. The Commonwealth introduced the certificate into evidence and the circuit court admitted it. Relying on the certificate, the circuit court determined that the general district court did not err when it summarily found appellant in contempt of court. The circuit court stated, "Ms. Graves, I find that based on Commonwealth's Exhibit No. 1 [the order and certificate], that you did appear in district court while under the influence of drugs. That is contempt in my view."

## II. ANALYSIS

Appellant's assignment of error challenges the sufficiency of the evidence to support her conviction. When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner, 268 Va. at 330, 601 S.E.2d at 574, "[w]e must instead ask whether '*any*

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

It is well established under Virginia law that the "power to punish for contempt is inherent in, and as ancient as, courts themselves." Carter v. Commonwealth, 2 Va. App. 392, 395, 345 S.E.2d 5, 7 (1986) (citations omitted). "Contempt is defined as an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute." Id. at 396, 345 S.E.2d at 7 (citation and internal quotations omitted). It "'is a disobedience to the court, or an opposing or despising the authority, justice or dignity thereof.'" Robinson v. Commonwealth, 41 Va. App. 137, 143, 583 S.E.2d 60, 63 (2003) (quoting Burdett v. Commonwealth, 103 Va. 838, 843, 48 S.E. 878, 880 (1904)).

Code § 18.2-456, the summary contempt statute, states, in pertinent part, that Virginia's "courts and judges may issue attachments for contempt, and punish them summarily," when there is "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice . . . ." Code § 18.2-456(1). In Parham v. Commonwealth, 60 Va. App. 450, 460, 729 S.E.2d 734, 738-39 (2012) (quoting Code § 18.2-456(1)), this Court interpreted Code § 18.2-456(1) and explained:

> [T]he necessity for showing an actual obstruction or interruption of justice does not apply to misbehavior "in the presence of the court" but only to misbehavior "so near thereto." Misbehavior the court directly sees or hears, therefore, can be dealt with summarily. Misbehavior outside the court's presence, on the other hand, must

- 4 -

somehow obstruct or interrupt justice before it can be, if at all, the subject of summary contempt.

On appeal, appellant argues that the circuit court erred in affirming the general district court judge's decision to find appellant in contempt of court. Specifically, appellant contends that the certificate does not contain sufficient information from which the circuit court could determine that the general district court judge properly found appellant in contempt of court. Here, however, appellant's behavior of appearing in general district court with drugs in her system occurred in the presence of the court – such that the general district court found that appellant appeared in court while under the influence of drugs. Therefore, the Commonwealth was not required to show that appellant's behavior necessarily obstructed justice – only that appellant misbehaved in a contemptuous manner.[3] See Parham, 60 Va. App. at 460, 729 S.E.2d at 738-39.

Viewing the evidence in the light most favorable to the Commonwealth (as we must since the Commonwealth prevailed below), a rational trier of fact could find that appellant was in contempt of court when she appeared in general district court to request a restricted driver's license. Under the circumstances in this case, the circuit court did not err in finding that appellant exhibited the degree of "disrespect of the court or its processes" required to be held in contempt of court. Carter, 2 Va. App. at 396, 345 S.E.2d at 7 (citation and internal quotations omitted); see Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977)

---

[3] Although the Commonwealth was not required to prove that appellant's behavior obstructed justice, we do not mean to imply that a rational trier of fact could not find that appellant's behavior obstructed or interrupted justice. In fact, appellant appeared in general district court, with three different illegal drugs in her system, and petitioned for the privilege of obtaining a restricted driver's license. Appellant was not required to appear in general district court that day to seek to obtain the privilege of a restricted driver's license (after having her driver's license suspended upon pleading guilty to possession of marijuana). When she did so appear in court, she was in no position to go forward with such a request at that time before the court.

(noting that the trial judge is presumed to know and correctly apply the law to the facts of a case, and explaining that "[a]bsent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts").

In Parham, we explained:

> We have never defined misbehavior in any definitive sense — nor could we. See Ronald J. Bacigal, Criminal Offenses & Defenses 408 (2011-12 ed.) (recognizing the term "cannot be fully defined"). It is assumed that reasonable people understand the line between good and bad behavior, particularly when exhibited in open court in the presence of a judge. A probationer, after all, is expected to know what his condition of good behavior means in his suspended sentence. It is not too much to expect the same from litigants appearing before a court.

60 Va. App. at 459, 729 S.E.2d at 738.

Here, when appellant appeared in the general district court seeking a restricted driver's license on October 23, 2013, she came to court as the beneficiary of a deferred disposition in a very recent drug possession prosecution. She sought a restricted driver's license under the terms of the order that took the marijuana charge under advisement. In her prior appearance before the general district court, appellant had been charged with possession of marijuana. She entered a plea of guilty to that offense. Instead of actually finding her guilty of the offense, however, the general district court gave appellant a second chance as permitted by statute – and it took the matter under advisement, while deferring disposition for six months. Appellant understood that her marijuana possession charge would be dismissed if, among other conditions, she successfully underwent drug treatment as well as drug screenings. Appellant then appeared in the general district court six days later – out of her own volition – requesting that the general district court authorize a restricted driver's license for her. She did so while having three different illegal drugs in her system.

Appellant not only failed the drug test, but the general district court made a specific finding in the certificate that appellant was "under the influence of drugs" on that day. The general district court judge did *not* strictly base the contempt finding on the mere fact that appellant tested positive for drugs. There is a difference between testing positive for drugs and being "under the influence of drugs," as a positive drug test does not necessarily indicate that one is "under the influence of drugs." Presumably, the general district court judge, who is presumed to know and correctly apply the law to the facts of a case, Yarborough, 217 Va. at 978, 234 S.E.2d at 291, was aware of the difference between simply testing positive for drugs and actually being "under the influence of drugs" and chose his words carefully.

Taking into account all of these circumstances, the circuit court certainly did not err when it found that appellant was in contempt of court when she appeared in the general district court to request a restricted license – while having three different illegal drugs in her system and appearing to be under the influence of drugs in the view of the general district court judge.[4]

### III. CONCLUSION

Viewing the evidence in the light most favorable to the Commonwealth, as we must since the Commonwealth prevailed below, the circuit court properly found appellant guilty of contempt of court. Accordingly, we affirm appellant's conviction for contempt of court under Code § 18.2-456.

Affirmed.

---

[4] In assessing the strength of the evidence contained in the certificate, the circuit court was entitled to draw reasonable inferences from the general district court's decision to make a specific finding that appellant was "under the influence of drugs." Furthermore, it is a settled principle of Virginia law that appellate courts, such as this Court, must defer "not only to findings of fact, but also to any reasonable and justified inferences the fact-finder may have drawn from the facts proved." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63-64 (2010).